IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN SANTILLAN, | Civil No. 3:23-cv-277 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent | |

## MEMORANDUM

Petitioner Martin Santillan ("Santillan"), an inmate confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Santillan seeks an order directing the Bureau of Prisons ("BOP") to apply his earned time credits under the First Step Act ("FSA"). (Id.). For the reasons set forth below, the Court will deny the habeas petition.

## I. Background

Santillan is serving a 156-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina for conspiracy to distribute, and possess with intent to distribute, methamphetamine (actual), methamphetamine, cocaine, and marijuana. (Doc. 7-1, pp. 5-9). His projected release date is October 10, 2029, via good conduct time. (Id.).

On February 14, 2019, the Department of Homeland Security lodged an immigration detainer against Santillan, noting that there is a final order of removal against him. (*Id.* at p. 10).

In his § 2241 petition, Santillan contends that the BOP failed to apply his earned time credits towards his supervised release. (Doc. 1). In response, Respondent argues that Santillan's § 2241 petition must be denied because he is not eligible for earned time credits under the FSA because he is subject to a removal order. (Doc. 7). The petition is ripe for resolution.

## II.  Discussion

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs

to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.* However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

Here, Respondent presented evidence that Santillan is subject to a final order of removal. (Doc. 7-1, p. 10). Because of this final order of removal, and pursuant to the clear language of 18 U.S.C. § 3632(d)(4)(E), the Court cannot grant Santillan the relief he seeks. Thus, the Court must deny the habeas petition.

## III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

*[signature]*

Robert D. Mariani
United States District Judge

Dated: March 30, 2023